IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**JONATHAN RYAN HILL**                                                                                       **PETITIONER**
**ADC #106018**

v.                                              Case No. 4:22-cv-00184-KGB

**DEXTER PAYNE, Director,**
**Arkansas Division of Corrections**                                                                    **RESPONDENT**

## ORDER

Before the Court are the Proposed Findings and Recommendations ("Recommendations") submitted by United States Magistrate Judge Joe J. Volpe (Dkt. No. 8). Petitioner Jonathan Ryan Hill filed objections to the Recommendations, and respondent Dexter Payne filed a response to the objections (Dkt. Nos. 11; 12). After review of the Recommendations, objections, and response to the objections, and after a *de novo* review of the record, the Court adopts the Recommendations (Dkt. No. 8). The Court writes to address the objections.

**I.    Background**

Mr. Hill is currently serving a life sentence in the Arkansas Division of Correction after he was convicted by a jury in Faulkner County, Arkansas, of aggravated residential burglary (Dkt. No. 1, at 1).[1] In his petition, Mr. Hill claims the state's proof at trial was constitutionally insufficient to support his conviction; that his Sixth Amendment right of confrontation was violated by the trial court's refusal to permit him to cross-examine Officer Eric Woodward with a prior inconsistent statement; that his trial counsel was constitutionally ineffective for failing to argue that the crime scene was staged, for failing to move to exclude the knife from evidence, and

---

[1] The jury acquitted Mr. Hill of aggravated robbery and aggravated assault (Dkt. No. 7-2, at 140-44). The jury sentenced Mr. Hill "as a violent-felony-habitual offender" to a life of imprisonment. *Hill v. State*, 617 S.W.3d 260, 262 (Ark. 2021).

for presenting argument to the Court which led to a second cell phone dump; and that the cumulative effect of the errors rendered his conviction unfair and violative of due process (Dkt. No. 1). Director Payne responded arguing that all of Mr. Hill's claims were either procedurally defaulted, not cognizable habeas claims, or that the state court's adjudication of the claims is due deference (Dkt. No. 7).

Judge Volpe recommends that Mr. Hill's petition be dismissed with prejudice (Dkt. No. 8). Mr. Hill objects to Judge Volpe's Recommendations, and Director Payne asserts that the Court should overrule Mr. Hill's objections (Dkt. Nos. 11; 12). The Court will address Mr. Hill's objections.

## II. Sufficiency Of The Evidence

Mr. Hill objects to Judge Volpe's determination that he procedurally defaulted his federal claim related to the sufficiency of the evidence and that there is no cause or prejudice to excuse his procedural default of the claim (Dkt. No. 11, at 1-4). Mr. Hill also objects to Judge Volpe's assessment that the Arkansas Supreme Court's determination on direct appeal–that there was sufficient evidence to support his conviction for aggravated residential burglary–was not an unreasonable application of established federal law or an unreasonable determination of the facts under 28 U.S.C.A. § 2254(d) (Dkt. No. 8, at 7-11). *See Hill v. State*, 546 S.W.3d 483, 486 (Ark. 2018).

In his objections, Mr. Hill takes issue with Judge Volpe's statement that Mr. Hill did not provide a case that shows that the state court's decision was contrary to, or an unreasonable application of, established federal law but that, instead, Mr. Hill reiterates his own unsupported interpretation that a bedroom does not qualify as an occupiable structure (Dkt. No. 11, at 3-4). Mr. Hill responds that there is no such case under Arkansas law and points to cases where Arkansas

2

courts have held that business buildings and residences are occupiable structures. Mr. Hill's citation to Arkansas cases related to businesses and residences does not establish that the Arkansas Supreme Court's decision in *Hill v. State*, 546 S.W.3d 483 (Ark. 2018), was contrary to or an unreasonable application of established federal law.

After careful review of the Recommendations, Mr. Hill's objections, Director Payne's response to the objections, and a *de novo* review of the record, the Court finds that Mr. Hill's objections on this point break no new ground and fail to rebut the Recommendations. The Court overrules Mr. Hill's objections on this point.

### III.    Confrontation Clause

Mr. Hill objects that Judge Volpe erred by finding that Mr. Hill failed to fairly present his Sixth Amendment confrontation claim in state court and that there is no cause or prejudice to excuse his procedural default of the claim (Dkt. No. 11, at 4-6). Mr. Hill argues that his citation to *Miller v. State*, 601 S.W.2d 845, 848 (Ark. 1980), was sufficient to present the Sixth Amendment claim because it cited to *Smith v. State*, 143 S.W.2d 190 (Ark. 1940), which referenced the federal nature of the confrontation clause. In his response to the objections, Director Payne argues that Mr. Hill did not meet his burden of presenting the substance of his federal claim to the state courts with enough specificity to allow the Arkansas Supreme Court to correct the alleged violation because, before the Arkansas Supreme Court, Mr. Hill argued for the admissibility of Officer Woodward's prior inconsistent statement based on Arkansas Rule of Evidence 613 and Arkansas Supreme Court precedent and because the reference to *Smith* was a citation within a citation.

The Court determines that the reference to *Smith* was not sufficient to alert the Arkansas Supreme Court to the federal nature of Mr. Hill's claim, when his argument was based on the witness making a prior inconsistent statement "under [Arkansas Rule of Evidence] 613 for

impeachment purposes." *See Baldwin v. Reese*, 541 U.S. 27, 32 (2004) ("ordinarily a state prisoner does not 'fairly present' a claim to a state court if that court must read beyond a petition or a brief (or a similar document) that does not alert it to the presence of a federal claim in order to find material"); *Duncan v. Henry*, 513 U.S. 364, 365–66 (1995) ("If state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution."). Here, Mr. Hill did not reference the Sixth Amendment or the confrontation clause in making his argument to the Arkansas Supreme Court on direct appeal (Dkt. No. 7-3, at 12-15). Accordingly, Mr. Hill procedurally defaulted this claim, and he does not offer any grounds on which the Court may find cause or prejudice to excuse his default.

Even if Mr. Hill can be considered to have fairly presented his Sixth Amendment confrontation clause claim to the state court, the Arkansas Supreme Court's analysis of the claim was not contrary to or an unreasonable application of established federal law or an unreasonable determination of the facts.

"The Sixth Amendment guarantees a defendant an opportunity for effective cross-examination of witnesses, but courts retain wide latitude to impose reasonable limits subject to our review for 'a clear abuse of discretion and a showing of prejudice.'" *United States v. Dunn*, 723 F.3d 919, 934 (8th Cir. 2013) (quoting *United States v. Brown,* 110 F.3d 605, 611 (8th Cir. 1997) (citation omitted)). "A limitation on cross-examination does not violate the Sixth Amendment unless the defendant shows that a reasonable jury might have received a significantly different impression of the witness's credibility had defense counsel been permitted to pursue his proposed line of cross-examination." *Id*. (quoting *United States v. Walley,* 567 F.3d 354, 358 (8th Cir. 2009)).

> The Arkansas Supreme Court stated that the relevant facts here were:
>
> At trial, on cross-examination, Woodward admitted that he had not taken a DNA sample from the shotgun. Defense counsel stated, "[T]hat's not what you told Stacy Wright when you took her interview; is it?" The State objected, and the circuit court sustained the objection. On redirect examination, the officer testified that "DNA on the firearm is what we call touch DNA. . . . [I]t's left behind by skin cells, dead skin cells. That's different from DNA that's contained in blood." Woodward stated that, based on his experience, he had "very very little success with touch DNA." Defense counsel moved to impeach Woodward with a prior inconsistent statement that the officer made to Wright during the investigation when he stated that officers had obtained DNA on the shotgun. The circuit court denied Hill's motion to use the prior inconsistent statement to impeach the officer, stating, "I think that he's testified he didn't find any of that. If [Wright] wants to try to testify to that, that'd be up [to] her, but we're not going to go into that with him."

*Hill,* 546 S.W.3d at 489-90.

When Ms. Wright testified, she discussed her conversation with Officer Woodward, and when asked about his statement concerning DNA on the shotgun, she testified, "It was just, 'Good. That'll prove that there wasn't—he wasn't—had—that he didn't have a gun.'" *Hill*, 546 S.W.3d at 490.

The Arkansas Supreme Court rejected Mr. Hill's claim that the trial court abused its discretion by limiting his cross examination of Officer Woodward because Mr. Hill was ultimately able to express to the jury, through Ms. Wright's testimony, that Officer Woodward suggested to Ms. Wright that Mr. Hill's DNA would be found on the shotgun, and Ms. Wright told him it would not. *Id*. The Arkansas Supreme Court stated that the "the jury heard [Officer] Woodward's alleged inconsistent statement through [Ms.] Wright's testimony," and "a defendant cannot complain about receiving the relief he or she requested." *Id*.

Mr. Hill has not shown that a reasonable jury might have received a significantly different impression of Officer Woodward had Mr. Hill been permitted to question Officer Woodward directly about the inconsistent statement as opposed to eliciting the testimony from Ms. Wright.

5

Additionally, Mr. Hill cannot establish prejudice.  Although Mr. Hill was not allowed to cross-examine Officer Woodward with the alleged statement about finding Mr. Hill's DNA on the shotgun, it was still presented to the jury that Mr. Hill's DNA was not found on the shotgun.

The Arkansas Supreme Court's analysis is not contrary to, nor an unreasonable application of, clearly established federal law.  Furthermore, the Arkansas Supreme Court's opinion is not based on an unreasonable determination of the facts in the light of the evidence presented at trial.

After careful review of the Recommendations, Mr. Hill's objections, the response to the objections, and a *de* novo review of the record, the Court finds that Mr. Hill's objections on this point break no new ground and fail to rebut the Recommendations.  The Court overrules Mr. Hill's objections on this point.

## IV.     Ineffective Assistance Of Counsel

Mr. Hill does not raise any objections to Judge Volpe's analysis of his ineffective assistance of counsel claims, but he relies on the arguments he presented in his petition.  After careful review of the Recommendations, the Court adopts the Recommendations on Mr. Hill's ineffective assistance of counsel claims as this Court's findings in all respects.

## V.     Cumulative Errors

For his last argument, Mr. Hill asserts "cumulative effect of the errors committed in this case renders [his] conviction unfair and violative of due process." (Dkt. No. 1, at 30).  In his objections, Mr. Hill takes issue with Judge Volpe's refusal to recognize and apply what he refers to as the "cumulative error" doctrine (Dkt. No. 11, at 6).  Director Payne contends that the United States Court of Appeals for the Eighth Circuit has repeatedly rejected cumulative-error claims in federal habeas proceedings (Dkt. No. 12, at 8 (citing *Byrd v. Armontrout*, 880 F.2d 1, 11 (8th Cir. 1989); *Middleton v. Roper*, 455 F.3d 838, 851 (8th Cir. 2006)).

The Eighth Circuit has generally rejected claims of cumulative errors, reasoning that a habeas petition must establish an error that would, by itself, meet the prejudice test. In *Middleton*, the Eight Circuit explained:

> We repeatedly have recognized "a habeas petitioner cannot build a showing of prejudice on a series of errors, none of which would by itself meet the prejudice test." *Hall v. Luebbers,* 296 F.3d 685, 692 (8th Cir. 2002) (citation omitted); *see, e.g., United States v. Robinson,* 301 F.3d 923, 925 n. 3 (8th Cir. 2002) (recognizing "the numerosity of the alleged deficiencies does not demonstrate by itself the necessity for habeas relief," and noting the Eighth Circuit's rejection of cumulative error doctrine); *Wainwright v. Lockhart,* 80 F.3d 1226, 1233 (8th Cir. 1996) ("Errors that are not unconstitutional individually cannot be added together to create a constitutional violation." (citation omitted)).

*Middleton*, 455 F.3d at 851.

Mr. Hill's objections to Judge Volpe's Recommendations on his cumulative-error claims are overruled.

### VI.   Conclusion

For the foregoing reasons, the Court adopts the Recommendations (Dkt. No. 8). The Court denies Mr. Hill's petition for writ of *habeas corpus* (Dkt. No. 1). The Court dismisses with prejudice this *habeas* action. The Court declines to issue a certificate of appealability. Mr. Hill may still apply to the Eighth Circuit for a certificate of appealability. *See* 28 U.S.C. § 2253(c)(1)(B).

It is so ordered this 3rd day of March, 2025.

*Kristine G. Baker*
Kristine G. Baker
Chief United States District Judge